William S. Gyves
Lauri A. Mazzuchetti
Glenn Graham
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
Attorneys for Defendant
P.C. Richard & Son LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY LISA RAPA, on behalf of himself and the putative class,<br><br>    Plaintiff,<br><br>  vs.<br><br>P.C. RICHARD & SON, LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL** |

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE THAT defendant P.C. Richard & Son, LLC ("P.C. Richard") by and through its counsel, Kelley Drye & Warren LLP, respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, Morris County to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453.  In support of this Notice of Removal, P.C. Richard alleges as follows:

245913

## BACKGROUND

1.    On August 24, 2016, plaintiff Mary Lisa Rapa, on behalf of herself and as the representative of a proposed class, filed a Class Action Complaint and Jury Demand ("Complaint") against P.C. Richard in the Superior Court of New Jersey, Morris County, Law Division ("State Court"), asserting individual and putative class claims.  This action is captioned in the State Court as follows: *Mary Lisa Rapa, on behalf of himself* [*sic*] *and the putative class v. P.C. Richard & Son, LLC*, Docket No. MRS-L-1891-16.  (A copy of the Complaint is annexed hereto as Exhibit A.)

2.    Service of the Summons and Complaint upon P.C. Richard was effected on August 29, 2016.  In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders received by P.C. Richard in this action are annexed hereto as Exhibit B.

3.    Plaintiff alleges that P.C. Richard is liable to Plaintiff and each putative class member for violating the New Jersey Fair Credit Reporting Act, N.J.S.A § 56:11-28 *et seq*. ("NJFCRA"), the Fair and Accurate Credit Transactions Act of 2003 amendments to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FACTA"), and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq*. ("TCCWNA") based upon P.C. Richard's alleged

245913

issuance of receipts containing purchasers' credit card expiration dates. (Ex. A at ¶¶ 36-41.)

        4.    Specifically, Plaintiff claims that she "made a purchase at … P.C. Richard & Son, located at 243 State Road 10, Hanover, New Jersey 07981 … with a credit card." (*Id*. ¶ 36.) Plaintiff further alleges that "[o]n the receipt of the transaction that was provided to Plaintiff, Defendant printed the expiration date of her credit card in direct violation of 15 U.S.C.A. § 1681c(g) and N.J.S.A. 56:11-42" and that "[t]he receipt provided by Defendant to Plaintiff at the point of sale was electronically printed[1]." (*Id.* at ¶¶ 36-37.)

        5.    Plaintiff claims that P.C. Richard's actions "were not an accident or isolated oversight" and that P.C. Richard "knowingly, intentionally, and willfully continued to use devices which were not programmed to, or otherwise did not comply with 15 U.S.C.A. § 1681c(g) and N.J.S.A. 56:11-42." (*Id.* at ¶ 39.)

        6.    Plaintiff seeks to represent a class of:

> [a]ll New Jersey residents to whom Defendant provided an electronically printed receipt at the point of sale or transaction on which Defendant printed the expiration date of the person's credit or debit card between August 24, 2012 through August 24, 2016.

(*Id.* at ¶ 42.)

---

[1] A copy of the receipt is attached to the Complaint as Exhibit A.

245913

7.     Plaintiff demands judgment in the Complaint, on behalf of herself and the absent class, as follows:

… for injunctive relief prohibiting Defendant from future violations of N.J.S.A. 56:11-42 and N.J.S.A. 56:12-14 *et seq.*;

… for a declaratory judgment that the Defendant violated N.J.S.A. 56:11-42 and N.J.S.A. 56:12-14 *et seq.*;

[s]tatutory damages for violation of N.J.S.A. [*sic*] in an amount between $100.00 and $1,0000 for Plaintiff and per Class member;

[s]tatutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for violations of N.J.S.A 56:12-15;

[c]osts and reasonable attorneys' fees pursuant to N.J.S.A. 56:11-39 and N.J.S.A. 56:12-17

[a]ll damages allowed pursuant to N.J.S.A. 56:11-39 and N.J.S.A. 56:12-17;

[o]n behalf of Plaintiffs [*sic*] and the Class, for such other and further relief as they may be entitled or as the Court deems equitable.

(*Id.* (unnumbered "Wherefore" clause at pgs. 15-16.))

245913

## BASIS FOR REMOVAL

8.    There are two independent grounds for removal of this action. First, the presence of a federal question gives rise to jurisdiction under 28 U.S.C. § 1331.  Second, the claims asserted by Plaintiff gives rise to jurisdiction under the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2)(A). Pursuant to 28 U.S.C. § 1367, this Court may exercise supplement jurisdiction over those claims, if any, that are not independently removable.

**A.    Removal Is Proper Under 28 U.S.C. § 1331
Because This Court Has Federal Question Jurisdiction**

9.    Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A District Court has original jurisdiction over cases "arising under" federal law pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, as Count Two of the Complaint arises under FACTA.

10.    Actions brought under FACTA "may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction."  15 U.S.C. § 1681p.  In *Haun v. Retail Credit Co.*, a court in the Western District of Pennsylvania held that 15 U.S.C. § 1681p does not prohibit removal to federal court because "[t]he only purpose of the language in [15 U.S.C. § 1681p] is to permit concurrent jurisdiction, and the mere provision of concurrent jurisdiction does not effect a guarantee against

245913

removal." 420 F. Supp 859, 862 (W.D. Pa. 1976). The Eleventh Circuit, which is the only circuit court to address removal under 15 U.S.C. § 1681p, reached the same conclusion as the court in *Haun*. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264-65 (11th Cir. 1998) ("We hold that the sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under the FCRA, and that the provision of concurrent jurisdiction does not prohibit removal.")

11.    In *Mims v. Arrow Fin. Servs., LLC*, ___ U.S. ___, 132 S. Ct. 740, 171 L. Ed. 2d 881 (2012), the United States Supreme Court found that the Telephone Consumer Protection Act's similar permissive grant of jurisdiction to state courts does nothing to "oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." ___U.S. at ___, 132 S. Ct. at 749, 171 L. Ed. 2d at 894. *Mims* thus stand for the proposition that a grant of jurisdiction to state courts does not deprive the federal district courts of their federal question jurisdiction over private rights of action. *Id.* at ___, 132 S. Ct. at 753, 171 L. Ed. 2d at 899.

12.    In light of the above cited decisions, this action is properly removable to this Court.

13.    Accordingly, removal of this action is proper on the basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims.

245913

**B.    Removal is Proper Under CAFA Because This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(d)(2)**

14.    This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because:

a.    The action filed by Plaintiff in the Superior Court of New Jersey, Morris County, Law Division, is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B);

b.    There is minimal diversity.  Specifically, the named Plaintiff is a citizen of a different state than P.C. Richard; and

c.    The aggregate value of the amount in controversy based on Plaintiff's allegations exceeds $5,000,000, as required by 28 U.S.C. § 1332(d)(2).

**Minimal Diversity Exists Pursuant to 28 U.S.C. § 1332(d)(2)(A)**

15.    Plaintiff resides in East Hanover, New Jersey.  (Ex. A at pg.1 and ¶6).

16.    Both at the time that Plaintiff filed the Complaint, and continuing to the present, P.C. Richard was and is a limited liability company organized and existing under the laws of New York, with its principal place of business in New York.  (*See* Declaration of Thomas Pohmer In Support of Application for Removal ("Pohmer Decl.") ¶ 3.)  P.C. Richard is wholly owned by P.C. Richard & Son Long Island Corporation, a New York corporation with its principal place of business in

New York.  P.C. Richard's ultimate corporate parent is A.J. Richard & Sons, Inc., a New York corporation with its principal place of business in New York.  (*Id.*)

17.    Plaintiff seeks to represent a proposed class of all New Jersey residents who were provided "an electronically printed receipt at the point of sale or transaction" on which P.C. Richard "printed the expiration date of the person's credit or debit card" over a period of four years prior to the filing of the Complaint.  (Ex. A, ¶ 42.)

18.    Based on the foregoing, diversity exists because Plaintiff and the absent class member are citizens of a different state (New Jersey) than P.C. Richard (New York).  *See* 28 U.S.C. § 1332(d)(2).

**The Aggregate Of The Amount In Controversy Exceeds $5,000,000**

19.    The amount in controversy for a class action under CAFA is satisfied here because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ___ 135 S. Ct. 547, 553-54, 190 L. Ed. 2d 495, 502-04 (2014). No presumption against removal to federal court exists where the removal is based on CAFA.  *Id.* at ___, 135 S. Ct. at 554, 190 L. Ed. 2d at 504.

20.    "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  Because Plaintiff has not stated

an exact sum sought in the Complaint, the Court must perform an independent appraisal of the amount in controversy.  In doing so, the Court may rely upon facts alleged in P.C. Richard's Notice of Removal and supporting documents, as well as those alleged in the Complaint.  *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) ("to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); *Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006) ("If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.")  The amount-in-controversy requirement is met for purposes of CAFA where the defendant demonstrates that its "potential exposure" exceeds $5 million. *Margulis v. Resort Rental, LLC*, No. 08-1719 (WJM), 2008 U.S. Dist. LEXIS 115287, at *14-15 (D.N.J. June 30, 2008).

21.    P.C. Richard disputes liability and any entitlement of Plaintiff or the proposed class to monetary relief.  It is respectfully submitted, however, that, based upon a fair reading of the Complaint – including consideration of the relief sought, the class definition, and the minimum scope and size of the class – the Complaint seeks damages that exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

245913

22.     Plaintiff avers that she is seeking between $100.00 and $1,000.00 for Plaintiff and per Class Member for statutory violations of the NJFCRA[2] and FACTA.  (Ex. A., unnumbered "Wherefore" clause at pgs. 15-16).  Thus, on these two claims alone, Plaintiff is seeking up to $2,000.00 per credit card receipt.

23.     Plaintiff also seeks statutory damages of $100 per alleged violation pursuant to TCCWNA.  In addition, Plaintiff seeks statutory damages pursuant to "all other applicable statutes," costs and reasonable attorneys' fees, and "[a]ll damages allowed pursuant to N.J.S.A. 56:11-39 and N.J.S.A. 56:12-17."  (*Id.*)

24.     To meet the amount in controversy requirement, therefore, there need only be 5,000 alleged violations of either the NJFCRA or FACTA ($1,000 per allegedly violative receipt).

25.     The class definition set forth in the Complaint purports to define a class period of four years, which would include New Jersey residents who made any point of sale purchases via credit or debit card at any P.C. Richard location from August 24, 2012 through August 24, 2016 ("Class Period"). (*Id*. at 42.)

26.     Although the Complaint does not identify the size of the proposed class, it alleges "[t]he Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable."  (Ex. A., at ¶ 43).  Further, P.C. Richard processed more than 5,000 credit card transactions in its New Jersey

---

[2] P.C. Richard disputes that there is a private right of action under the NJFCRA, as pled by Plaintiff.

245913

stores for which it issues electronic receipts during the Class Period.  (Pohmer Decl. ¶ 4).

27.    Thus, Plaintiff's claim for $1,000 in statutory damages under either the NJFCRA or FACTA alone meets the $5,000,000 jurisdictional threshold required for diversity under CAFA, without considering the other relief sought.[3]

28.    In addition to the statutory damages sought, the Complaint seeks costs and attorneys' fees, which must be considered when determining whether an action satisfies the amount in controversy threshold.  *See*, *e.g.*, *Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 585 (3d Cir. 1997) ("in calculating the amount in controversy, we must consider potential attorney's fees.")

29.    Accordingly, Plaintiff's claim for statutory damages and attorneys' fees confirms that the amount in controversy requirement is easily met in this case.

## **REMOVAL REQUIREMENTS SATISFIED**

30.    This Notice of Removal is being filed within thirty days after P.C. Richard received service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

---

[3] Plaintiff is actually seeking $2,100 per receipt by alleging each receipt is violative of the NJFCRA ($1,000), FACTA ($1,000) and TCCWNA ($100).

245913

31.    P.C. Richard has not filed a responsive pleading in the action commenced by Plaintiff in State Court and no other proceedings have transpired in that action.

32.    This Notice of Removal is being filed in the District of New Jersey, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

33.    Promptly after filing this Notice of Removal with the District Court for the District of New Jersey, a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).  A copy of both documents will also be served upon Plaintiff's counsel.  A copy of the Notice of Filing of the Notice of Removal is annexed hereto as Exhibit C.

34.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE,** P.C. Richard respectfully requests that this action be duly removed from the Superior Court of New Jersey, Morris County, Law Division, to this Court, and that it proceed herein.

245913

Dated:  September 27, 2016

KELLEY DRYE & WARREN LLP

By:    /s/ Lauri Mazzuchetti
       William S. Gyves
       Lauri A. Mazzuchetti
       Glenn Graham
       One Jefferson Road, 2nd Floor
       Parsippany, New Jersey 07054
       wgyves@kelleydrye.com
       lmazzuchetti@kelleydrye.com
       ggraham@kelleydrye.com
       (973) 503-5900
       Attorneys for Defendant

245913